Lynda J. Zadra-Symes (SBN 156,511)
Lynda.Zadra-Symes@kmob.com
Daniel J. Fischer (SBN 280,715)
Dan.Fischer@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street
Fourteenth Floor
Irvine, CA 92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

Attorneys for Defendant
LENNY USA, LLC

David Alden Erikson (SBN 189838)
dae@daviderikson.com
S. Ryan Patterson (SBN 279,474)
ryan@daviderikson.com
LAW OFFICES OF DAVID ALDEN ERIKSON
200 North Larchmont Boulevard
Los Angeles, CA 90004
Phone: (323) 465-3100
Facsimile: (323) 465-3177

Attorneys for Plaintiff
ANDREW ZUCKERMAN

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ANDREW ZUCKERMAN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>LENNY USA, LLC, a New York limited liability company ; LENNY SWIMWEAR, a business entity of form unknown; LENNY NIEMEYER, an individual; and DOES 1-10 inclusive,<br><br>Defendant. | Civil Action No. CV12-3249-PSG (CWx)<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Magistrate Judge Carla Woehrle |

Plaintiff Andrew Zuckerman ("Zuckerman") and Defendant Lenny USA, LLC ("Lenny USA"), recognizing that each may have materials containing trade secret or other confidential research, technical, cost, price, marketing or other commercial information, as is contemplated by Federal Rule of Civil Procedure 26(c), have agreed to the terms of the Protective Order ("Order") as set forth below. The purpose of this Order is to protect the confidentiality of such materials as much as practical during the litigation. THEREFORE IT IS HEREBY ORDERED:

1. This Order shall apply to all information produced during discovery in this action that shall be designated by the party or person producing it as "Confidential" or "Confidential-Attorneys Eyes Only" (collectively "Confidential Information"). This Order shall not apply to information that, before disclosure, is properly in the possession or knowledge of the party to whom such disclosure is made, or is public knowledge. The restrictions contained in this Order shall not apply to information that is, or after disclosure becomes, public knowledge other than by an act or omission of the party to whom such disclosure is made, or that is legitimately acquired from a source not subject to this Order.

2. If a document or thing produced in response to a document request or in connection with a deposition, interrogatory answer, or admission (collectively "discovery response"), or a deposition transcript, contains information considered confidential by a party, such discovery response, or deposition transcript shall be designated "Confidential" or "Confidential-Attorneys Eyes Only" by the party contending there is confidential information therein.

3. In connection with a discovery response or deposition transcript, the legend "Confidential" or "Confidential-Attorneys Eyes Only" (in such a

manner as will not interfere with the legibility thereof) shall be affixed before the production or service upon a party.

4. As a general guideline, a document should be designated "Confidential" when it contains confidential business, technical or other information that may be reviewed by the receiving party, the parties' experts, and other representatives, but must be protected against disclosure to third parties. A document may be designated "Confidential-Attorneys Eyes Only" only when it contains the following highly sensitive information: financial information; cost information; pricing information; sales information; customer, license, supplier, and vendor information; software and firmware for a party's products; technical and development information about a party's products; comparative product test results; business plans; marketing strategies; new product plans and competitive strategies; or any other information that would put the producing party at a competitive disadvantage if the information became known to employees of the receiving party or third parties.

5. All Confidential Information (*i.e.*, "Confidential" or "Confidential-Attorneys Eyes Only" information) that has been obtained from a party during the course of this proceeding shall be used only for the purpose of this litigation and not for any other business, proceeding, litigation, or other purpose whatsoever. Further, such information may not be disclosed to anyone except as provided in this Order. Counsel for a party may give advice and opinions to their client based on evaluation of information designated as Confidential Information produced by the other party. For information designated "Confidential-Attorneys Eyes Only," such rendering of advice and opinions shall not reveal the content of such information except by prior agreement with opposing counsel.

6. All documents, or any portion thereof, produced for inspection only (*i.e.*, copies have not yet been provided to the receiving party) shall be deemed

"Confidential-Attorneys Eyes Only." If a copy of any such document is requested after inspection, the document shall be deemed "Confidential" or "Confidential-Attorneys Eyes Only" only if labeled or marked in conformity with paragraph 2, with access and dissemination limited as set forth in paragraphs 10-13.

7. Information disclosed at a deposition may be designated as "Confidential" or "Confidential-Attorneys Eyes Only" at the time of the deposition, or within ten (10) days following receipt of the transcript, and shall be subject to the provisions of this Order. Additional information disclosed during a deposition may be designated as "Confidential" or "Confidential-Attorneys Eyes Only" by notifying the other party, in writing, within ten (10) days after receipt of the transcript, of the specific pages of the transcript that should also be so designated. Unless otherwise agreed on the record of the deposition, all transcripts shall be treated as "Confidential-Attorneys Eyes Only" for a period of ten (10) days after their receipt, and the transcript shall not be disclosed by a non-designating party to persons other than those persons named or approved according to paragraphs 11-13 to review documents or materials designated "Confidential-Attorneys Eyes Only" on behalf of that non-designating party.

8. In accordance with Local Rule 79-5.1, if any papers to be filed with the Court contain information and/or documents that have been designated as "Confidential" or "Confidential – Attorneys' Eyes Only," the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the designated information or documents (if such portion is segregable) under seal; and the application shall be directed to the judge to whom the papers are directed. For motions, the parties shall file a redacted version of the motion and supporting papers.

9. As used in this Order, "Trial Counsel" refers exclusively to the following:

(a) For Lenny USA: The attorneys, paralegals, agents, and support staff of Knobbe, Martens, Olson & Bear, LLP, but shall not under any circumstances include any current or former officer, director, or employee of Lenny USA.

(b) For Zuckerman: The attorneys, paralegals, agents, and support staff of the Law Offices of David Alden Erikson, but shall not under any circumstances include any current or former officer, director, or employee of Zuckerman.

(c) Others: Such additional attorneys as may be ordered by the Court, or subsequently may be agreed upon by the parties, such agreement not to be unreasonably withheld.

10. Material designated as "Confidential" that has been obtained from a party during the course of this proceeding may be disclosed or made available only to the Court, to Trial Counsel for either party, and to the persons designated below and only subject to paragraphs 12-13:

(a) an officer, director, or designated employee of a party deemed necessary by Trial Counsel to aid in the prosecution, defense, or settlement of this action;

(b) independent experts or consultants (together with their clerical staff) retained by such Trial Counsel to assist in the prosecution, defense, or settlement of this action;

(c) court reporter(s) employed in this action;

(d) agents of Trial Counsel needed to perform various services such as, for example, copying, drafting of exhibits, and support and management services, including vendors retained by the parties, or by counsel for parties, for the purpose of encoding, loading into a computer and storing and

maintaining for information control and retrieval purposes, transcripts of depositions, hearings, trials, pleadings, exhibits marked by a party, or attorneys' work product, all of which may contain material designated Confidential;

(e) witnesses in any deposition or other proceeding of this action;

(f) any other persons as to whom the parties in writing agree.

11. Material designated as “Confidential-Attorneys Eyes Only” that has been obtained from Lenny USA or Zuckerman during the course of this proceeding may be disclosed or made available only to the Court, to Trial Counsel for either party, and to the persons designated below and subject to paragraphs 12-13:

(a) independent experts or consultants (together with their clerical staff) retained by such Trial Counsel to assist in the prosecution, defense, or settlement of this action;

(b) authors and recipients of any material bearing a “Confidential-Attorneys Eyes Only” legend;

(c) court reporter(s) employed in this action;

(d) agents of Trial Counsel needed to perform various services such as, for example, copying, drafting of exhibits, and support and management services, including vendors retained by the parties, or by counsel for parties, for the purpose of encoding, loading into a computer and storing and maintaining for information control and retrieval purposes, transcripts of depositions, hearings, trials, pleadings, exhibits marked by a party, or attorneys' work product, all of which may contain material designated Confidential-Attorneys Eyes Only;

(e) witnesses in any deposition or other proceeding in this action who are the author or recipient of the “Confidential-Attorneys Eyes Only” material, or who, based on evidence, have seen the material in the past; and

(f) any other persons as to whom the parties in writing agree.

12. Any officer, director, or designated employee of a party under paragraph 10(a) or individuals identified under paragraphs 10(b)-10(f) and 11(a)-11(f) having access to Confidential Information shall be given a copy of this Order before being shown such Confidential Information, and its provisions shall be explained to them by an attorney. Each person identified under paragraphs 10(a)-10(f) and 11(a)-11(f), before having access to the Confidential Information, shall agree not to disclose to anyone not exempted by this Order any Confidential Information and not to make use of any such Confidential Information other than solely for purpose of this litigation, and shall acknowledge in writing by signing a document in the form of Exhibit A attached hereto, that he or she is fully conversant with the terms of this Order and agrees to comply with it and be bound by it.

13. For the purpose of this Order, an independent expert or consultant shall be defined as a person, who has not been and is not an employee of a party or scheduled to become an employee in the near future, and who is retained or employed as a consultant or expert for purposes of this litigation, either full or part-time, by or at the direction of counsel of a party.

14. Any Confidential Information may be used in the course of any deposition taken of the party producing such Confidential Information or its employees without consent, or otherwise used in any deposition with the consent of the party producing such Confidential Information, subject to the condition that when such Confidential Information is so used, the party who made the designation may notify the reporter that the portion of the deposition in any way pertaining to such Confidential Information or any portion of the deposition relevant thereto is being taken pursuant to this Order. Further, whenever any Confidential Information is to be discussed or disclosed in a deposition, any party claiming such confidentiality may exclude from the room

any person not entitled to receive such confidential information pursuant to the terms of this Order.

15. A Receiving Party who objects to the designation of any discovery response, or deposition testimony as "Confidential" or "Confidential-Attorneys Eyes Only" shall state the objection by letter which complies with the requirements of Local Rule 37-1 to counsel for the Producing Party. Pursuant to Local Rule 37-1, counsel for the parties shall confer within ten (10) days following receipt of the letter stating the objection. If the objection is not resolved through the parties' meeting pursuant to Local Rule 37-1, the Receiving Party may move the Court to determine whether the discovery response or deposition testimony at issue qualifies for treatment as "Confidential" or "Confidential-Attorneys Eyes Only." The Receiving Party's motion must be accompanied by a written stipulation of the parties as required by Local Rule 37-2. If the Receiving Party files such a motion, the discovery response, or deposition testimony at issue will continue to be entitled to the protections accorded by this Order until and unless the Court rules otherwise. If the Receiving Party files such a motion, the Producing Party shall bear the burden of establishing that the discovery response or deposition testimony at issue qualifies for treatment as "Confidential" or "Confidential-Attorneys Eyes Only." Nothing herein shall operate as an admission by any Party that any particular discovery response, or deposition testimony contains "Confidential" or "Confidential-Attorneys Eyes Only." Information for purposes of determining the merits of the claims in this litigation. A party shall not be obligated to challenge the propriety of the designation of any discovery response or deposition testimony at the time such designation is made; failure to do so shall not preclude a subsequent challenge within a reasonable time. Further, a Party's failure to challenge a designation during pretrial discovery shall not preclude a subsequent challenge of such designation at trial or in connection

with the submission of any discovery response or deposition testimony to the Court for any purpose.

16. Notwithstanding anything contrary herein, if a party through inadvertence or mistake produces discovery of any Confidential Information without marking it with the legend "Confidential" or "Confidential-Attorneys Eyes Only," or by designating it with an incorrect level of confidentiality, the producing party may give written notice to the receiving party that the discovery response, or deposition testimony contains Confidential Information and should be treated as such in accordance with the provisions of this Order. Upon receipt of such notice, and upon receipt of properly marked materials, the receiving party shall return said unmarked materials and not retain copies thereof, and must treat such discovery responses, or deposition testimony as Confidential Information and shall cooperate in restoring the confidentiality of such Confidential Information. The inadvertent or unintentional disclosure by a party of Confidential Information, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter, provided that the non-producing party is notified and properly marked documents are supplied as provided herein. The receiving party shall not be responsible for the disclosure or other distribution of belatedly designated Confidential Information as to such disclosure or distribution that may occur before the receipt of such notification of a claim of confidentiality and such disclosure or distribution shall not be deemed to be a violation of this Order.

17. Documents and things produced or made available for inspection may be subject to redaction, in good faith by the producing party, of sensitive material that is subject to the attorney-client privilege or to work-product

immunity. Each such redaction, regardless of size, will be clearly labeled. This paragraph shall not be construed as a waiver of any party's right to seek disclosure of redacted information.

18. Neither the taking or the failure to take any action to enforce the provisions of this Order, nor the failure to object to any designation or any such action or omission, shall constitute a waiver of any signatory's right to seek and obtain protection or relief, with respect to any claim or defense in this action or any other action including, but not limited to, the claim or defense that any information is or is not proprietary to any party, is or is not entitled to particular protection or that such information embodies trade secret or other confidential information of any party. The procedures set forth herein shall not affect the rights of the parties to object to discovery on grounds other than those related to trade secrets or other confidential information claims, nor shall it relieve a party of the necessity of proper responses to discovery requests.

19. This Order shall not abrogate or diminish any contractual, statutory, or other legal obligation or right of any party to this Order, as to any third party, with respect to any Confidential Information. The fact that Information is designated “Confidential” or “Confidential-Attorneys Eyes Only” under this Order shall not be deemed to be determinative of what a trier of fact may determine to be confidential or proprietary. This Order shall be without prejudice to the right of any party to bring before the Court the question of:

(a) whether any particular information is or is not Confidential Information;

(b) whether any particular information is or is not entitled to a greater or lesser degree of protection than provided hereunder; or

(c) whether any particular information is or is not relevant to any issue in this case; provided that in doing so the party complies with the foregoing procedures.

20. The terms of the Order are applicable to Confidential Information produced by a non-party, and Confidential Information produced by a non-party in connection with this litigation is protected by the remedies and relief provided by the Order. To protect its own Confidential Information, a party may ask a non-party to execute a document in the form of Exhibit A.

21. Within thirty (30) days following the conclusion of this litigation, all information designated as Confidential Information, except such documents or information which incorporate or are incorporated into attorney work product (a single copy of which may be retained in counsel's file), shall, upon request, be returned to the producing party, or disposed of pursuant to the instructions of the producing party.

22. The restrictions provided for above shall not terminate upon the conclusion of this lawsuit. This Order is without prejudice to the right of a party hereto to seek relief from the Court, upon good cause shown, from any of the provisions or restrictions provided herein.

23. Nothing in this Order is intended or should be construed as authorizing a party to disobey a lawful subpoena issued in another action.

**GOOD CAUSE EXISTS TO ENTER INTO THE STIPULATED PROTECTIVE ORDER**

1. Good cause exists for this Court to enter the Stipulated Protective Order, because disclosure of any Confidential Information would harm the parties financially and allow competitors to gain unfair advantage. Competitors will gain an unfair advantage over the parties if they learn the parties' Confidential Information, such as their financial information, accounting information, customer lists, vendor lists, costs or profit structure, sales

information and sources, vendor sources, retail channels, product lines, business and marketing strategy, or information concerning distribution or operations. The Confidential Information should be protected, because it reveals the parties' current financial status, business strategy, business structure, future opportunities and efforts, the quality of the products, the manufacturing times and sources, and retail prices and costs. This information will give others an unfair price and time advantage and allow them to unfairly compete in the market and usurp the parties' business opportunities, to the detriment of the parties.

2. Good cause further exists in that this Stipulation would allow for both parties to disclose documents required for the litigation of this matter without suffering from both an economic and business detriment that would result from the disclosure of Confidential Information to their competitors and/or to the public.

IT IS SO ORDERED.

Dated: December 13, 2012

Hon. Carla Woehrle
United States Magistrate Judge

SO STIPULATED BY:

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: 12/11/2012

By: /s/ Lynda J. Zadra-Symes
Lynda J. Zadra-Symes
Daniel J. Fischer

Attorneys for Defendant
LENNY USA, LLC

LAW OFFICES OF DAVID ALDEN ERIKSON

Dated: 12/11/2012

By: /s/ S. Ryan Patterson
David Alden Erikson
S. Ryan Patterson

Attorneys for Plaintiff
ANDREW ZUCKERMAN

**EXHIBIT A**

**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**

I, ____________________, declare and say that:

1. I am employed as ___________________________________ by ___________________________________________________________________.

2. I have read the Stipulated Protective Order in *Zuckerman v. Lenny USA, LLC, et al.*, Case No. CV12-3249-PSG (CWx), pending in the United States District Court for the Central District of California, and have received a copy of the Stipulated Protective Order ("Protective Order"). I hereby agree to comply with and be bound by the terms and conditions of that Order unless and until modified by court order.

3. I promise that I will use any and all "Confidential" or "Confidential – Attorneys Eyes Only" information, as defined in the Protective Order, given to me only in a manner authorized by the Protective Order, and only to assist counsel in the litigation of this matter.

4. I promise that I will not disclose or discuss such "Confidential" or "Confidential – Attorneys Eyes Only" information with anyone other than the persons authorized in accordance with Paragraphs 9-11 of the Protective Order.

5. When I have completed my assigned or legal duties relating to this litigation, I will return all confidential documents and things that come into my possession, or that I have prepared relating to such documents and things, to counsel for the party by whom I am employed or retained. I acknowledge that such return or the subsequent destruction of such materials shall not relieve me from any of the continuing obligations imposed on me by the Confidentiality Agreement.

6. I understand that any disclosure or use of "Confidential" or "Confidential – Attorneys Eyes Only" information in any manner contrary to

the provisions of the Protective Order may subject me to sanctions for contempt of court.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this _____ day of _________, 2012 at ___________________.

______________________________

14308615
110912